Argued October 25; affirmed November 8, 1949

## GRESHAM TRANSFER, INC. *v.* OLTMAN
### 210 P. 2d 927

*James P. Cronan, Jr.*, of Portland, argued the cause for appellant. On the briefs were Schafer, Holbrook & Cronan, James A. Nelson and Frank S. Senn, of Portland.

*Howard K. Beebe*, of Portland, argued the cause for respondent. With him on the brief were W. H. Morrison and Maguire, Shields, Morrison & Bailey, of Portland.

Before Lusk, Chief Justice, and Belt, Bailey, Hay and Page, Justices.

BELT, J.

This is an action to recover damages to property resulting from a collision between two common-carrier trucks that occurred about six o'clock in the evening of the 26th day of November, 1946, on The Dalles-California highway fourteen miles north of Madras in Jefferson county, Oregon. Plaintiff's truck and trailer, having an over-all length of 40 feet—the trailer, 28 feet in length, being loaded with ten tons of potatoes—was going in a northerly direction down a slight grade and around a gradual curve to its right at a speed of 25 to 30 miles per hour. The defendant's truck, having no trailer, was going in a southerly direction and was driven by one Campbell, who was killed as a result of the collision. There are various specifications of negligence charged by the plaintiff and the defendant, but during the course of the trial it was stipulated by counsel that

"* * * there is only one issue of fact to be submitted to the jury in this case, and that issue of fact has to do with which truck or part of the truck was on the wrong side of the yellow line; that is, the center of the road."

At the conclusion of the taking of testimony, plaintiff moved for a directed verdict on the question of liability,

but this motion was denied and the cause submitted to a jury, which returned a verdict in favor of the defendant. Thereupon, the plaintiff moved for a judgment notwithstanding the verdict or, in the alternative, a new trial. This motion was denied and the plaintiff appeals, assigning as sole error the failure of the court to direct a verdict in its favor on the question of liability and the refusal to allow the motion for judgment notwithstanding the verdict or for a new trial.

Obviously, if each truck had kept on its right side of the highway, there would have been no collision. The collision having occurred, the vital question is which truck was on the wrong side of the highway. Plaintiff-appellant contends that the only reasonable inference that can be drawn from the evidence is that the defendant's truck was on the wrong side of the yellow center stripe of the highway and, therefore, it was entitled to a directed verdict on the question of liability. The defendant asserts that there is some substantial testimony tending to show that its truck was on the right side of the highway and, therefore, this issue of fact was properly submitted to the jury.

■ It is elementary that the party against whom the motion for a directed verdict is directed is entitled to the benefit of every reasonable inference that can be drawn from the evidence. Where different reasonable inferences can be drawn on the issue of negligence, a motion for a directed verdict cannot be sustained, and the issue of fact must be submitted to the jury. These fundamental principles need no citation of authority.

The contention of the plaintiff was based principally upon the testimony of Kyle A. Caldwell, the driver of the Gresham Transfer truck and trailer. He

was an experienced driver and had been in the employ of the plaintiff company for approximately three years. He was positive in his testimony that his equipment was on the right side of this twenty-foot paved highway and that the truck of the defendant was on the wrong side thereof.

Each of the trucks was eight feet in width. Had they been driven on the extreme edge of this twenty-foot highway, there would have been only a four-foot space for clearance. The trucks proper cleared as they passed, but the truck of the defendant and the trailer of the plaintiff collided at a point about fourteen feet in front of the rear wheels of the trailer. Was the collision caused by Campbell driving the truck of the defendant over on the wrong side of the highway? Or was it caused by the trailer swerving over the center line and striking the truck of the defendant?

Caldwell was cross examined about the probability of the truck swerving and he thus testified:

"Q. (by Mr. Morrison) And with this trailer —I am not talking about driving a one-piece vehicle, an automobile or a bus or a one-piece truck, but you say with a cab like you were riding in here and a twenty-eight foot trailer attached to it you can at all times tell, even going around a curve, where it is wet and maybe slippery, where the left rear wheel of that trailer is?

"A. I know where my trailer is at all the time.
"* * * *

"Q. Isn't it possible—can't you swerve that trailer across the highway?

"A. Not at the speed I was going, no; not with ten ton of potatoes on, no.

"Q. At thirty miles an hour, going down hill, can't you swerve it over on the left side of the highway?

"A. No. You could, I imagine, if you tried.

"Q. If you touched your brake a little bit would it be possible to swerve it over there?
"A. No."

■ In our opinion the testimony of Caldwell was not of such conclusive character that we can say as a matter of law that the jury was bound thereby. It may be, as a matter of fact, that there were some reasonable-minded persons on the jury who would not give full credence to this testimony about the alleged swerving of the trailer. Be that as it may, the testimony of Caldwell in reference to the position of the defendant's truck is in conflict with that of M. L. Dutcher—a witness for plaintiff—who observed the positions of the trucks immediately after the collision. Dutcher testified that "the Oltman truck was close to the yellow line on the right-hand side, on his right." Also the testimony of Floyd T. Chestnut, a member of the Oregon State Police, and H. A. Dussault, sheriff of Jefferson county, is in conflict with Caldwell's testimony about the positions of the trucks. Clearly, there was an issue of fact for the determination of the jury.

Finding no error in the record, it follows that the judgment is affirmed.